UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:25-CV-61703-MD

ONEAL RAY WHTE
and KIRK ANTHONY WILLIAMS,

        Plaintiffs,

vs.

MK UNITED, INC. and
KOMILJON AKTAMOV,

        Defendants.

_____/

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

COMES NOW, Plaintiffs, ONEAL RAY WHYTE ("Mr. Whyte") and KIRK ANTHONY WILLIAMS ("Mr. Williams"), by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure 12(f) , and hereby respectfully move this Court to strike MK UNITED, INC. and KOMILJON AKTAMOV, (altogether "DEFENDANTS") affirmative defenses, and in support thereof states as follows:

### I. INTRODUCTION

1.     This case involves a personal injury claim resulting from a motor vehicle collision in which Defendant Komiljon Aktamov was cited in connection with an accident involving a vehicle owned by Plaintiff Kirk Anthony Williams and operated by Plaintiff Oneal Ray Whyte.

2.     Defendant Komiljon Aktamov was cited for failure to yield right of way and found to be at fault for the collision. As a result,  Plaintff Oneal Ray Whyte suffered bodily injuries and Plaintiff Kirk Anthony Williams suffered property damage for the total loss of his vehicle.

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300; Fort Lauderdale, FL 33309; Ph: (954) 671-0444 Fax: (954) 361-6260

3.      On September 9, 2025 Defendants filed their Answers and Affirmative Defenses, asserting a series of boilerplate affirmative defenses in this motor vehicle negligence action.

4.      The affirmative  defenses raised include collateral source/setoff, sole negligence, failure to mitigate, pre-existing conditions, PIP/no-fault limitations, comparative negligence/seatbelt, health insurance offsets, contractual write-offs, and Medicare/Medicaid adjustments. Defendant has asserted multiple affirmative defenses that are legally insufficient, factually baseless, and/or improperly pled under applicable pleading standards. Each defense is factually baseless, procedurally defective under Rule 8(c), or legally invalid under Florida substantive law.

5.      Plaintiff Oneal Ray Whyte was not deemed at fault for the incident, and Defendant Komiljon Aktamov was cited for the crash for failure to yield the right of way and was found to be the cause of this collision. Accordingly, the affirmative defenses should be stricken.

## II. LEGAL STANDARD

An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013). The purpose of an affirmative defense is to give the opposing party notice of an issue so that the opposing party may prepare to properly litigate the issue raised. Losado v. Norwegian (Bahamas) Ltd., 296 F.R.D. 688, 691 (S.D. Fla. 2013) (citing Hassan v. United States Postal Service, 842 F.2d 260, 263 (11th Cir. 1998)).  A court has broad discretion in granting a motion to strike, particularly where, as here, it is warranted.  See e.g., Anchor Hocking Corp., v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976) (granting motion to strike affirmative defense). Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300; Fort Lauderdale, FL 33309; Ph: (954) 671-0444 Fax: (954) 361-6260

matter." An affirmative defense must provide fair notice of the grounds asserted. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). Bare legal conclusions and boilerplate allegations are insufficient. See *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007).

Here, as explained below, in detail, many of Defendants' affirmative defenses asserted are boilerplate legal conclusions, insufficient and/or improperly plead defenses, lack specificity, and/or are mere denials.

## II. ARGUMENTS

**FIRST AFFIRMATIVE DEFENSE - Collateral Source / General Setoff Defense**

Defendants' first affirmative defense asserts entitlement to "any and all collateral sources, past or future." This is legally insufficient because Florida's collateral source statute narrowly governs setoffs and expressly excludes benefits subject to reimbursement. Florida Statute § 768.76(2)(b) specifically provides that "benefits received under Medicare, or any other federal program providing for a Federal Government lien on or right of reimbursement from the plaintiff's recovery, the Workers' Compensation Law, the Medicaid program of Title XIX of the Social Security Act or from any medical services program administered by the Department of Health shall not be considered a collateral source." Fla. Stat. § 768.76. Fla. Stat., limits reductions to enumerated collateral sources and expressly excludes benefits subject to reimbursement (e.g., Medicare, Medicaid, ERISA). *Joerg v. State Farm Mut. Auto. Ins. Co.*, 176 So.3d 1247, 1253 (Fla. 2015). Speculative future credits are barred. See *Gulfstream Park Racing Ass'n v. Volin, 326 So. 3d 1124* (Fla. 2021). Federal pleading standard applies. Defendant fails to identify what sources exist, what amounts are at issue, or how they reduce damages. Such vague pleading fails Rule 8.

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300; Fort Lauderdale, FL 33309; Ph: (954) 671-0444 Fax: (954) 361-6260

*Higgs v. Costa Crociere S.p.A.*, 969 F.3d 1295, 1310 (11th Cir. 2020).  as such defendant's first affirmative defense should be stricken.

**SECOND AFFIRMATIVE DEFENSE - Sole Negligence of Plaintiff**

Defendants allege that Mr. Whyte's damages were caused by his sole negligence, however Defendants' Sole Negligence of Plaintiff Affirmative Defense is factually baseless and legally insufficient. Florida Statute § 768.81 establishes a modified comparative fault system where contributory fault diminishes damages proportionately but does not bar recovery. The statute requires defendants to "affirmatively plead the fault of a nonparty and, absent a showing of good cause, identify the nonparty, if known, or describe the nonparty as specifically as practicable." Defendant has failed to provide any specific allegations to support this defense. Fla. Stat. § 768.81. Plaintiff was not cited, not found at fault, and Defendant was cited for the collision.

The Defendant fails to present any facts that demonstrate that Mr. Whyte caused the crash, making their argument conclusory. Florida's modified comparative fault statute, § 768.81, Fla. Stat., states that a plaintiff is barred only if found to be more than fifty percent at fault. The Defendant's allegation lacks sufficient detail to support such a claim. In *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36AEP, 2016 WL 4163562, at *2 (M.D. Fla. Aug. 5, 2016), vague negligence defenses were struck by the court. Therefore, as such Defendants' Second affirmative defense should be stricken.

**THIRD AFFIRMATIVE DEFENSE  Defendant's Failure to Mitigate Damages**

Defendants' Failure to Mitigate Damages Affirmative Defense is improperly pled as a bare conclusion without any supporting factual allegations. The defendants allege that the Mr. Whyte failed to mitigate damages; however, Defendants did not specify what actions Mr. Whyte allegedly failed to take, any missed treatment, or how this impacted damages, and since the burden of proof

**Bryan Farr Health Lawyers, LLC**

1451 W. Cypress Creek Rd. Ste. 300; Fort Lauderdale, FL 33309; Ph: (954) 671-0444 Fax: (954) 361-6260

remains with the Defendants (see System Components Corp. v. Fla. DOT, 14 So.3d 967, 982 (Fla. 2009)), and federal courts have previously struck similar defenses (see Smith v. Wal-Mart Stores, Inc., No. 8:11-cv-677-T-30TGW, 2011 WL 1532784, at *2 (M.D. Fla. Apr. 21, 2011); Adams v. JP Morgan Chase Bank, N.A., No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011)), Therefore, Defendants' Third  Affirmative Defense should be stricken.

**FOURTH  AFFIRMATIVE DEFENSE  Pre-Existing Conditions**

The Defendants' Pre-Existing Conditions Affirmative Defense is speculative and lacks factual support, as no specific conditions are identified or exist; furthermore, causation should be pled as a denial rather than an affirmative defense, pursuant to *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349, and under the eggshell plaintiff rule (*Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193), the defense is improper Defendant's Fourth Affirmative Defense should be stricken.

**FIFTH AFFIRMATIVE DEFENSE PIP / No-Fault Collateral Source Defense**

The applicable legal standard under Florida Statute § 627.736 establishes that while PIP benefits serve as primary coverage for economic damages, they do not bar a plaintiff from pursuing additional recovery. Specifically, Mr. Whyte is entitled to seek economic losses surpassing PIP limits and to claim non-economic damages if the statutory injury threshold has been met. The statutory language does not preclude further damages and is reinforced by federal authority such as *Kemp v. Miami Hotel Inv. Ltd. Partnership*, 845 F. Supp. 476, 480 (S.D. Fla. 1993). Furthermore, because PIP benefits subject to reimbursement are not considered setoffs under the collateral source rule, Defendants' PIP/No-Fault Defense misstates controlling law and should be rejected. the defense is improper Defendants' Fifth Affirmative Defense should be stricken.

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300; Fort Lauderdale, FL 33309; Ph: (954) 671-0444 Fax: (954) 361-6260

**SIXTH AFFIRMATIVE DEFENSE Comparative Negligence / Seatbelt**

Defendants' Comparative Negligence and *Pasakarnis* Seatbelt Affirmative Defenses lack factual basis. Mr. Whyte wore a seatbelt, was not cited, and Defendant Komiljjon Aktamov was cited at the time fo the accident. No specific facts support comparative negligence under Fla. Stat. § 768.81. General claims of traffic law violations are unsupported. The seatbelt defense is misapplied since *Ins. Co. of N. Am. v. Pasakarnis* requires proof of nonuse and injury causation—neither of which Defendant shows. This defense should be stricken. the defense is improper defendant's Sixth affirmative defense should be stricken.

**SEVENTH AFFIRMATIVE DEFENSE Health Insurance Offset (§ 641.3154)**

Defendants' assertion of entitlement to HMO contracted amounts lacks merit, as their Health Insurance Offset Affirmative Defense misapplies Florida law. Specifically, Florida Statute § 768.76 governs collateral source payments in tort actions, which is distinct from Section 641.3154 pertaining solely to provider-insurer contractual matters and not tort damages. The applicable statutory framework for evaluating collateral source offsets in this context is found in § 768.76, as confirmed by *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So.2d 547, 551–52 (Fla. 4th DCA 2003). Furthermore, Defendants have failed to specify any insurance policy, payment, or factual basis supporting its defense, rendering the assertion both legally and factually unsupported.

**EIGHTH AFFIRMATIVE DEFENSE Contractual Write-Offs (*Goble/Thyssenkrupp*)**

Defendants' Contractual Write-Offs Affirmative Defense misstates Florida law and is legally insufficient. *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005), only allows HMO write-offs to be considered post-verdict under § 768.76 and does not prevent juries from seeing full medical bills. The jury determines reasonable value (*Nationwide Mut. Fire Ins. Co. v. Harrell*, 53 So.3d 1084, 1088 (Fla. 1st DCA 2010)). This defense should be stricken.

**Bryan Farr Health Lawyers, LLC**

1451 W. Cypress Creek Rd. Ste. 300; Fort Lauderdale, FL 33309; Ph: (954) 671-0444 Fax: (954) 361-6260

**NINTH  AFFIRMATIVE DEFENSE Medicare/Medicaid Adjustments**

The defendants assert that damages should be limited to Medicare/Medicaid rates. However, this position is inconsistent with Florida Statute § 768.76(2)(b), which explicitly excludes from consideration as collateral sources any benefits that carry reimbursement rights, such as Medicare and Medicaid. See Fla. Stat. § 768.76.

Florida courts have consistently recognized that reducing damages to Medicare or Medicaid rates would undermine both the legislative intent behind the collateral source rule and the purpose of preserving the plaintiff's right to full compensation for their injuries. By excluding sources with reimbursement obligations from consideration, the statute ensures that injured parties are not penalized simply because they receive benefits subject to statutory liens, which must ultimately be repaid. As such, courts should decline to limit recoverable damages to government program rates and maintain adherence to both state and federal law.

Furthermore, upholding the exclusion of Medicare and Medicaid rates from the calculation of damages reinforces the principle that plaintiffs who incur expenses covered by programs with reimbursement rights are entitled to recover the full value of their losses. This approach safeguards the integrity of the compensation system, prevents unjust enrichment of defendants, and respects the established jurisprudence regarding collateral sources in personal injury litigation.

## IV. CONCLUSION

Defendants' affirmative defenses are conclusory, factually baseless, and legally insufficient under Florida substantive law and federal pleading standards. Mr. Whyte was not at fault, was not cited, and Defendant Komiljon Aktamov was cited for the crash.

**WHEREFORE**, Plaintiffs Oneal Ray Whyte and Kirk Anthony Williams respectfully request that this Honorable Court enter an Order a) granting this Motion to Strike Defendants'

Affirmative Defenses, b) or in the alternative, requiring Defendants to provide more definite statements supporting same, and c) granting any other relief this Court deems necessary and proper.

Dated: September 25, 2025

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 25, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF e-filing Portal for the United States District Court for the Southern District of Florida, which will send an automatic e-mail message to the following parties registered with the e-filing Portal system: Samuel E. Basch and Kiahna Perez, Esq., Cole, Scott & Kissane, P.A., 9150 South Dadeland Boulevard, Suite 1400 Miami, Florida 33156; Kiahna.Perez@csklegal.com, Samuel.Basch@csklegal.com, counsels for Defendants.

*Respectfully submitted,*

**BRYAN FARR HEALTH LAWYERS, LLC.**

By:   **/s/Althea Bryan Farr**
Althea Bryan Farr, Esq.
Florida Bar No. 1024987
1451 W. Cypress Creek Blvd. Ste. 300
Fort Lauderdale, FL 33309
Telephone: (954) 671-0444
Facsimile: (954) 361-6260
Primary email:
Althea.BryanFarr@bfhlegal.com
Secondary email:
service@bfhlegal.com
Kareen.Saloria@bfhlegal.com