UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61703-DAMIAN/STRAUSS

ONEAL RAY WHYTE, and
KIRK ANTHONY WILLIAMS,

     Plaintiffs,

v.

MK UNITED, INC., and
KOMILJON AKTAMOV,

     Defendants.

_____/

## ORDER

THIS MATTER came before the Court upon "Corrected" Plaintiff's Amended Motion to Strike Defendants' Affirmative Defenses ("Motion") [DE 22]. I have reviewed the Motion, and the response thereto [DE 18][1], and all other pertinent portions of the record. For the reasons stated below, the Motion will be **GRANTED IN PART AND DENIED IN PART**.

### I.    LEGAL STANDARD

As this Court has explained:

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. Rule 12(f) of the Federal Rules of

---

[1] Plaintiffs initially filed their Motion to Strike Defendants' Affirmative Defenses at docket entry 16. Defendants' response [DE 18], in addition to resisting the Motion's substance, identified that the initial motion contained two "hallucinated" case citations and that Plaintiffs had failed to confer before filing. After Plaintiffs sought leave to file a corrected version of their motion (which followed an unsuccessful conferral with Defendants), Magistrate Judge Valle granted Plaintiffs' motion to amend and deemed the amended Motion [DE 22] to have replaced in the initial motion [DE 16]. [DE 28]. Because the amended Motion did not contain any new substantive arguments, Magistrate Judge Valle construed Defendants' original response [DE 18] as the response to the amended Motion and ordered that no reply would be permitted. *Id.*

> Civil Procedure permits a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A district court has broad discretion when it considers a motion to strike under Rule 12(f). Under this standard, an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law. A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.

*GPM Indus., Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 21-CIV-24007, 2022 WL 4181544, at *1 (S.D. Fla. Sept. 13, 2022) (Gayles, J.) (internal citations and internal quotation marks omitted).

Courts within the Eleventh Circuit are split regarding the precise pleading standard applicable to affirmative defenses, and the Eleventh Circuit has yet to resolve the split. *McLendon v. Carnival Corp.*, No. 20-cv-24939-BLOOM, 2021 WL 848945, *2 (S.D. Fla. March 4, 2021). "Some courts in the Eleventh Circuit . . . have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Id.* (citations omitted). "Others have held that affirmative defenses are subject to [a] less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only 'provide fair notice of the nature of the defense and the grounds upon which it rests.'" *Id.* (citations omitted). The latter camp, requiring only that an affirmative defense "provide fair notice" rather than the higher *Twombly* standard, has the stronger argument, based on the textual differences between Rule 8(a) on one hand and Rules 8(b) and (c) on the other, as well the reality that a defendant must answer a complaint in only 21 days. *See Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CV, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, M.J.). However, even under this more lenient standard, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Melaih v. MSC Cruises, S.A.*, No. 20-CV-61341-SMITH/VALLE, 2021 WL 3731272, at *2 (S.D. Fla. July 27, 2021).

Although a court has broad discretion when reviewing a motion to strike, such motions are considered "a drastic remedy" and are often "disfavored by the courts." *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019) (Ungaro, J.). Motions to strike are generally denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* (quoting *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014) (Altonaga, J.)).

II.     **ANALYSIS**

### A.  First and Fifth Affirmative Defense – Collateral Source Set-off

The Motion will be denied as to Defendant's first and fifth affirmative defenses. Defendants' first affirmative defense alleges that Defendants "are entitled to a credit and/or setoff for any and all collateral sources or other sources of setoff[.]"  Plaintiffs argue that this defense is legally insufficient because Florida's collateral source statute, § 768.76, Fla. Stat., excludes certain benefits from the definition of "collateral source."  Defendants do not address this argument. Plaintiffs also argue (without any citation to authority or analysis) that this defense fails to meet the pleading standard required by Federal Rule of Civil Procedure 8 because it does not specify the collateral sources at issue or their amounts.  Defendants respond that the defense is sufficient because it provides "fair notice" to Plaintiffs and that what collateral sources exist, in what amounts, and how they apply are factual questions better left for later in the litigation.  Neither of Plaintiffs' arguments merit striking the defense.

Plaintiffs' perfunctory argument that the first affirmative defense is too vaguely pled fails. While the first affirmative defense is short on detail, it is sufficient to state the defense and put Plaintiffs on fair notice that Defendants will be seeking setoffs for collateral source payments,

including for settlement funds Plaintiffs may have received.  Plaintiffs' demand that Defendants identify what specific collateral sources exist and in what specific amounts asks too much of Defendants at the pleading stage and harkens to the higher *Twombly* standard applicable to claims rather than defenses.

As to Plaintiffs' legal sufficiency argument, Plaintiffs fail to show that this defense is clearly invalid as a matter of law. While Florida's collateral source statute may indicate that this defense must ultimately be more limited or nuanced than the reference to "all collateral sources" suggests, that does not make the defense frivolous or clearly invalid as a matter of law.  Indeed, Plaintiffs do not suggest that off-sets from all collateral sources are unavailable or inapplicable. Rather Plaintiffs merely argue that Defendants will not be able claim an offset for certain categories of what might otherwise be considered collateral sources.  In short, while Plaintiffs may have good arguments that Defendants' claim to off-sets are ultimately limited by the statute, Plaintiffs have not shown that the defense is frivolous or invalid.

Plaintiffs essentially make the same argument as to the Fifth Affirmative Defense. That defense specifically alleges that Plaintiffs had certain personal injury protection (PIP) benefits "and other collateral sources" and are precluded from recovering damages covered by those benefits and sources.  Plaintiffs argue that Plaintiff Whyte is still entitled to recover damages beyond PIP limits and argue that PIP benefits subject to reimbursement are excluded from the collateral source rule.  Plaintiffs again miss the point.  That Plaintiff Whyte may still recover damages beyond PIP limits does not undermine a defense that what has been paid within PIP limits may potentially be offset as a collateral source.  And the fact that there may be circumstances where PIP benefits are subject to reimbursement (and excluded as a collateral source) does not

4

mean that there are not circumstances where this affirmative defense may have merit.  As such, Plaintiffs have failed to show that the fifth affirmative defense is invalid as a matter of law.

### B.  Second, Third, Fourth, and Sixth Affirmative Defenses

The second and sixth affirmative defenses raise issues of contributory and comparative negligence.  The Motion will be granted as to the second affirmative defense but denied as to the sixth affirmative defense.

The second affirmative defense baldly alleges that "the injuries and damages complained of were caused by the sole negligence of the Plaintiff, hereby barring the Plaintiff from any recovery herein."   While Defendants are correct that they need only provide "fair notice," rather than meet a heightened pleading standard, Defendants' allegation here is bare-bones and conclusory.  Indeed, Defendants' response – in rebuffing Plaintiffs' argument that this defense is "factually baseless" – only highlights how bare-bones the second affirmative defense is by referencing the sixth affirmative defense.  *See* [DE 18] at 7.  In contrast to the second affirmative defense, Defendants' *sixth* affirmative defense actually contains allegations about how Plaintiff Whyte's negligence caused or contributed to the accident and Whyte's damages (by failing to wear a seatbelt, follow traffic regulations, or take evasive measures).  That defense gives Plaintiffs fair notice of the nature *and grounds* for the defense, even if Plaintiffs may ultimately dispute those grounds.[2]

Defendants' third and fourth affirmative defenses are also bare-bones and conclusory and will be struck.  The third affirmative defense alleges that "Plaintiff failed to mitigate his damages,

---

[2] Plaintiffs' argument that the sixth amended defense "lack[s] factual basis" because "Mr. Whyte wore a seatbelt, was not cited, and Defendant Komiljon Aktamov was cited at the time of the accident" plainly fails.  This argument amounts to a factual dispute, which is not a basis for striking an affirmative defense.  *See Estrada Rabelo v. Equifax Info. Servs., LLC*, No. 2:19-CV-849-FTM-38NPM, 2020 WL 2615524, at *2 (M.D. Fla. May 22, 2020).

and, accordingly, the recovery of the Plaintiff, if any, should be reduced by the amount by which the Plaintiff could have lessened his claims, injuries, or damages." The fourth affirmative defense alleges that "[a]ny injury or damage to the Plaintiff were the result of pre-existing medical and/or psychiatric conditions, and the unforeseeable, unpredictable, and/or unavoidable sequel thereto, and was unrelated to any act or omission of Defendants." Neither of these defenses include any factual allegations whatsoever or provide any suggestion about what mitigation measures or pre-existing conditions they may refer to.

Even without applying the more-rigorous *Twombly* pleading standard, some courts have found that such conclusory allegations, without *any* factual content whatsoever, fail to provide plaintiffs with the "fair notice" required. *See Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1290-92 (S.D. Fla. 2002) (Damian, M.J.) (striking "failure to mitigate" and "pre-existing condition" affirmative defenses). Others have found that even without specific factual allegations, such defenses put plaintiffs on "fair notice" that, for example, a failure to mitigate damages or the causality of a pre-existing condition will be an issue at trial should facts disclosed in discovery support it. *See Bakshi v. Carnival Corp.*, No. 23-CV-21839-CIV, 2023 WL 6376730, at *7-8 (S.D. Fla. Aug. 23, 2023) (Goodman, M.J.). The latter approach has significant merit on matters, like the existence of a pre-existing condition or failure to mitigate, of which a defendant has no reasonable opportunity to know about before discovery.

However, here, the approach recommended by then-Magistrate Judge Damian in *Delgado* is the fairest one. This case (indeed, this Motion) has been pending for nearly a year, and the parties have now had ample opportunity to take discovery. In other words, the parties have had to litigate knowing that potential mitigation measures and pre-existing conditions could be an issue, and Defendants are now in a much better position to put Plaintiffs on full notice about how

Defendants believe these defenses actually apply in this case (if at all).  Therefore, the Motion will be granted as to the Second, Third, and Fourth Defenses, but Defendants will have leave to amend to clarify whether and how these defenses actually apply in this case.

### C.  Seventh, Eighth, and Ninth Affirmative Defenses

The Motion will be denied as to the seventh, eighth, and ninth affirmative defenses.  These affirmative defenses assert that Defendants are entitled to reductions in damages based on the contractual amounts Plaintiffs' medical providers must accept from Plaintiffs' health insurers, any health insurance contractual adjustments and/or write-offs, and any Medicare/Medicaid insurance contractual adjustments and/or write-offs.  While Plaintiffs make limited arguments suggesting that the collateral source statute affects how, to what extent, and at what stage of the proceedings Defendants may seek setoffs or reductions in damages based on the sources specified in these defenses, none of Plaintiffs' arguments establish that the defenses are clearly insufficient as a matter of law or fail to provide fair notice.  To be clear, both parties will need to provide further (and more thorough) analysis of these issues at the appropriate time.  But for now, the Court declines to exercise its discretion to strike these defenses.

### III.   CONCLUSION

For the foregoing reasons discussed above, the Motion [DE 22] is **GRANTED IN PART and DENIED IN PART**.

1. The Motion is **GRANTED** as to Defendants' second, third, and fourth affirmative defenses.  These defenses are stricken from Defendants' answer but with leave to amend.

2.  Defendants must file an amended answer by **July 27, 2026.**  Any amendments shall be limited to either adding sufficient factual allegations to support Defendants' second, third, and fourth affirmative defenses or removing these defenses.

3.  The Motion is **DENIED** as to the first, fifth, sixth, seventh, eighth, and ninth affirmative defenses.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 13th day of July 2026.

Jared M. Strauss
**United States Magistrate Judge**

8