**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61703-DAMIAN/STRAUSS**

**ONEAL RAY WHYTE and**
**KIRK ANTHONY WILLIAMS,**

Plaintiffs,
v.

**MK UNITED, INC. and**
**KOMILJON AKTAMOV,**

Defendants.
_________________________________/

**ORDER DENYING MOTION FOR EXTENSION OF FACT DISCOVERY DEADLINE**

THIS MATTER comes before the Court upon Defendants' Motion for Brief Extension of Fact Discovery Deadline in Light of Plaintiff's Newly Produced Evidence [DE 70] (the "Motion"). District Judge Melissa Damian has referred the Motion to me for appropriate disposition. *See* [DE 50] at 1; [DE 73] at 1. I have considered the Motion, Plaintiff Oneal Ray Whyte's Response [DE 74], Defendants' Reply [DE 76], and the pertinent portions of the record. For the reasons stated below, the Motion is **DENIED**.

This action arises out of injuries sustained in a motor vehicle accident. *See generally* [DE 1-7]; [DE 35-1]. Defendants have filed a motion for partial summary judgment as to Plaintiff's claim for loss of future earning capacity. *See* [DE 34] at 8-9. Part of Defendants' argument in the motion for partial summary judgment relies on Plaintiff's supposed lack of legal authorization to work in the United States. *See id.* at 4-6. On July 6, 2026, Plaintiff filed a notice of supplemental evidence, which consisted of an approval notice from U.S. Citizenship and Immigration Services ("USCIS")

approving Plaintiff's application for employment authorization.[1] *See* [DE 65] at 1-6. Plaintiff then filed a second notice that attached Plaintiff's employment authorization card. *See* [DE 68] at 1-5. On the last day of discovery, July 17, 2026, Defendants filed the Motion. *See* [DE 58] at 2; [DE 70] at 4. The Motion asks the Court to extend discovery so that Defendants may issue subpoenas to USCIS and other entities with records relevant to Plaintiff's application for work authorization. [DE 70] at 3.

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The burden to show good cause is on the moving party. *Org. of Prof'l Aviculturists, Inc. v. Kershner*, 564 F. Supp. 3d 1238, 1251 (S.D. Fla. 2021) (citing *TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569-CIV, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018)). Good cause means that "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (citation modified). In other words, good cause does not exist where the party seeking an extension has not acted diligently. *See id.*; *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam). A party has not acted diligently where it had the information necessary to meet the scheduling order's deadline long before that deadline passed. *See, e.g.*, *Simmons v. USI Ins. Servs. LLC*, No. 23-CV-201, 2024 WL 280296, at *2 (M.D. Fla. Jan. 25, 2024) ("A moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline.").

[1] I separately ordered the parties to brief the effects of the supplemental evidence on Defendants' motion for partial summary judgment. [DE 66].

Here, the Court is unconvinced that Defendants have shown good cause for the requested extension. It appears that Defendants are seeking the representations Plaintiff made in his application or associated documents about his ability to work when he sought the work authorization that the government has now granted. At the very least, this is the most relevant aspect of the records Defendants seek. But Defendants have known for months that Plaintiff had applied for work authorization. Defendants do not refute Plaintiff's point that Plaintiff's deposition in February 2026 and affidavit in March 2026 put Defendant on notice of Plaintiff's application to seek work authorization. *See* [DE 76] at 2 (arguing that Plaintiff did not know whether his application would be approved at the time of Plaintiff's deposition and affidavit rather than refuting notice). Defendants have thus known for months that Plaintiff filed an application that may have had some representations about his ability to work or related representations. The potential relevance of those representations would have been obvious months ago, regardless of whether those representations ultimately led the government to grant or deny the work authorization. All that has changed in recent weeks is that government has now made its decision. In short, Defendants could have, and should have, sought these records long ago. Therefore, they have not demonstrated good cause for an extension of fact discovery.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion [DE 70] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of August 2026.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**